UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LAKESIDE ROOFING COMPANY, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:10CV01761 JCH |
| JEREMIAH W. NIXON, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiffs filed a three-count action alleging Missouri's Excessive Unemployment Act is unconstitutional. (Doc. No. 33). Plaintiffs seek declaratory relief and injunctive relief. Defendants responded with answers on February 10, 2011 and April 27, 2011, including an identical list of affirmative defenses. (Doc. Nos. 36, 55).[1]

The matter is before the Court on Plaintiffs' Motion to Strike Affirmative Defenses (Doc. Nos. 56, 58).[2] The matter is fully briefed and ready for disposition.

---

[1] Because the affirmative defenses are identical, the Court will refer only to the Answer of Defendants Jeremiah W. Nixon, Chris Koster and Lawrence G. Rebman to the Second Amended Complaint (Doc. No. 36).

[2] In their Memorandum in Support of Plaintiffs' Motion to Strike the Affirmative Defenses of Defendants Koster and Redman (Doc. No. 59), Plaintiffs incorporated by reference the discussion of law and arguments set forth in their Memorandum in Support of Plaintiffs' Motion to Strike the Commissioners' Affirmative Defenses (Doc. No. 57). Accordingly, the Court refers only to Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Strike the Commissioners' Affirmative Defenses (Doc. No. 57).

**DISCUSSION**

I.     Standard for a Motion to Strike

Rule 12(f) gives the Court the discretionary power to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f); BJC Health System v. Columbia Casualty Co, 478 F.3d 908, 917 (8th Cir. 2007). Despite the Court's broad discretionary power over the resolution of such motions, a motion to strike is considered an "extreme measure," viewed with disfavor and infrequently granted. Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063; Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977). "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." Lunsford, 570 F.2d at 229 (citing 2A Moore's Federal Practice para. 12.21 at 2437 (2d ed. 1975)).

In addition, "a motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." Fluid Control Prods. v. Aeromotive, No. 4:09-CV-1667, 2010 U.S. Dist. LEXIS 7861, at *4-5 (E.D. Mo. Feb. 1, 2010)(quoting Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., No. 4:08-CV-243 JCH, 2008 U.S. Dist. LEXIS 70995, 2008 WL 2817106, at *2 (E. D. Mo. July 21, 2008)). "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." Id.[3]

---

[3] Plaintiffs question whether the pleading requirements from Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), extend to pleadings of affirmative defenses. (Doc. No. 57, pp. 4-5). This question has not yet been addressed by any court of appeals. A majority of district courts that have considered the question have extended the Iqbal pleading standards to affirmative defenses when considering a motion to strike while a minority of district courts have rejected applying the heightened pleading standards to affirmative defenses. Lane v.

II. The Affirmative Defenses

A. Affirmative Defense 1

Defendants' first affirmative defense alleges that "[t]he Petition fails to state a claim upon which relief can be granted." (Doc. No. 36, p. 11). Failure to state a claim "is not a proper affirmative defense but, rather, asserts a defect in Plaintiffs' prima facie case." Lemery v. Duroso, No. 4:09CV00167, 2009 U.S. Dist. LEXIS 50771, at *8 (E.D. Mo. June 16, 2009); Boldstar Tech., LLC v. Home Depot, Inc., 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007)("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."). Defendants must assert this argument, if at all, through a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Therefore, it is not properly asserted as an affirmative defense and is stricken as legally insufficient.

B. Affirmative Defense 2-8

Plaintiffs tersely assert that paragraphs 2 through 8 of the affirmative defenses assert "nothing more than bare bones legal conclusions," provide no factual context, and should be stricken accordingly. (Doc. No. 57, p. 5). In response, Defendants note that "Plaintiffs provide no detailed

---

Page, 272 F.R.D. 581, 589-90, n. 5,6 (D. N.M. 2011) (summarizing the decisions on both sides of the split among district courts); Shaw v. Prudential Ins. Co. of Am., No. 10-03355, 2011 U.S. Dist. LEXIS 29203, at *7 (W.D. Mo. Mar. 21, 2011). Courts deciding to extend the heightened pleading standards generally reason that affirmative defenses share the same notice function motivating heightened pleading standards in Twombly and Iqbal. See, e.g., Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 650 (D.Kan. Dec. 22, 2009). On the other hand, courts that have rejected this extension of the pleading standard to affirmative defenses because affirmative defenses are pled under rule 8(c), which was not at issue in Iqbal. See, e.g., Lane, 272 F.R.D. at 591-96.

In the instant case, the Court finds that its determinations would not differ depending on the standard of review employed. Accordingly, the Court declines to decide whether the pleading requirements of Twombly and Iqbal extend to affirmative defenses.

analysis for this assertion and do not allege resulting prejudice or confusion." (Doc. No. 60, p. 3). Based upon the dearth of any legal analysis of these affirmative defenses and the apparent lack of any prejudice or effect that allowing these defenses would have on the litigation, the Court denies the motion to strike these defenses.[4]

C. Affirmative Defense 9

In the ninth affirmative defense, Defendants seek to incorporate all future defenses that may be relevant and seeks to reserve the right to amend the answer to include those affirmative defenses. (Doc. No. 36, p. 11). Plaintiffs assert that this is not a defense, but rather a "reservation of the right to raise an affirmative defense" in the future. (Doc. No. 57, p. 5). In their Responses, Defendants agree that "this is not an 'affirmative defense.'" (Doc. No. 60, p. 4; Doc. No. 61, p. 4). Accordingly, the Court strikes this "affirmative defense" as insufficient as a matter of law. If Defendants discover an additional affirmative defense during the course of discovery, they must petition the Court for leave to amend the answer pursuant to Fed.R.Civ.P. 15(a)(2). The ninth affirmative defense is stricken.

D. Affirmative Defense 10

In the tenth affirmative defense, Defendants seek to incorporate all defenses pled by any other defendant in this case. (Doc. No. 36, p. 12). This affirmative defense is redundant as each answer contains identical affirmative defenses. In addition, this defense is insufficient and improper as it does not provide a specific basis for avoiding Plaintiffs' claims. As stated previously, if Defendants

---

[4]For example, the second affirmative defense alleges that punitive or exemplary damages are barred. (Doc. No. 36, p. 11). Plaintiffs do not seek any punitive or exemplary damages in the Complaint. (Doc. No. 33 ¶¶ 54-71). Thus, as currently pled, this affirmative defense has no bearing on the outcome of the litigation.

discover additional defenses, they may petition the Court for relief pursuant to Fed.R.Civ.P. 15(a)(2). Accordingly, the tenth affirmative defense will be stricken.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Affirmative Defenses (Doc. Nos. 36 and 38) are **GRANTED**, in part, and **DENIED**, in part, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Defendants' first, ninth, and tenth affirmative defenses are **STRICKEN**.

Dated this 29th day of June, 2011.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE