UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAKESIDE ROOFING COMPANY, et al.,    ) | |
| ) | |
| Plaintiff(s),    ) | |
| ) | |
| vs.    ) | Case No. 4:10CV1761 JCH |
| ) | |
| JEREMIAH W. NIXON, et al.,    ) | |
| ) | |
| Defendant(s).    ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Alter or Amend Judgment, filed on July 7, 2012. ("Motion to Amend," ECF No. 96). This motion is fully briefed and ready for disposition.

**BACKGROUND**

On July 7, 2012, this Court entered a Memorandum and Order denying Plaintiffs' Motion for Attorneys' Fees but taxing costs against Defendants in the amount of $524.84. (ECF No. 95). The Court determined that Plaintiffs presented insufficient evidence of the amount of hours worked and the hourly rate charged by Plaintiffs' attorneys to warrant an award of attorneys' fees in this matter. The Court advised Plaintiffs that additional records would be evaluated by the Court if Plaintiffs requested that the Court reconsider its decision.

As noted above, on July 7, 2012, Plaintiffs filed their Motion to Amend. In their Motion to Amend, Plaintiffs state they provided sufficient evidence for determining the reasonableness of the hours worked and the hourly rate charged by Plaintiffs' attorneys. Plaintiffs also assert that since Defendants did not object to the reasonableness of the number of hours worked by Plaintiffs'

attorneys, the reasonableness of such hours "is not at issue for purposes of Plaintiffs' claim for attorneys' fees." (Motion to Amend, ¶ 11).

In support of their Motion to Amend, Plaintiffs provide a Second Supplemental Affidavit of Michel E. Wilson ("Second Affidavit," ECF No. 98) and two additional exhibits of business records from Greensfelder, Hemker & Gale, P.C. (See Exhibit 1, ECF No. 98-2, and Exhibit 2, ECF No. 98-3). Attorney Wilson's Second Affidavit explains the additional business records, which are a history prepared by a document management system that identifies the initials of firm employees who create or edit firm documents, the date such employees perform any action pertaining to firm documents, and the time of the start and the close of such actions. These business records show the activity of twelve firm employees on forty-six documents prepared for this case.

According to Plaintiffs, these business records are offered to show "who prepared or edited a document and when and for how long that activity took place." (Second Affidavit, ¶ 8). Attorney Wilson notes in his Second Affidavit, however, that "there is some restraint on the value of this information," as activities unrelated to the editing of a document may be performed while the document is open on a firm employee's computer. (Id.). Additionally, Attorney Wilson's Second Affidavit also notes that while "[t]he total typing time generated automatically by the document management system is also useful information," the total typing time "is often less than the time expended in the preparation of the brief or memorandum, including contemporaneously performed legal research." (Id., ¶ 9).

### DISCUSSION

As an initial matter, the Court rejects Plaintiffs' assertion that it may not evaluate the reasonableness of the number of hours worked by Plaintiffs' attorneys as Defendants failed to object to the fees sought by Plaintiffs on the grounds that the number of hours worked was generally

unreasonable. The Court also rejects the implication that the denial of Plaintiffs' original Motion for Attorneys' fees was improper since Defendants "never sought a complete denial of Plaintiffs' motion for attorneys' fees." (See Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Alter or Amend Judgment ("Memo in Support"), ECF No. 94, p. 12). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Court previously found Plaintiffs did not meet their burden of establishing entitlement to the fee award they sought in their original Motion for Attorneys' Fees, and Plaintiffs have not presented additional evidence to cause the Court to disagree with its previous decision.

Plaintiffs' Motion to Amend asserts Attorney Wilson expended 310.9 hours on this case, Attorney Jeffrey Wax expended 82.9 hours on this case, and Paralegal Jennifer Hollenkamp expended 5 hours on this case. (Memo in Support, p. 9). This includes 17.6 hours of legal work performed by Attorney Wilson prior to July 19, 2010, which primarily consisted of legal research and drafting of the original complaint for which Plaintiffs were never billed. (Id., p. 10; Memorandum and Order dated June 7, 2012, ECF No. 95, p. 6 n.4). Plaintiffs request hourly rates of $460.00[1] for Attorney Wilson, $200.00 for Attorney Wax, and $160.40 for Paralegal Hollenkamp. (Memo in Support, pp. 7, 9, 11).

Plaintiffs' additional evidence has not corrected the deficiencies in their original Motion for Attorneys' Fees with regards to adequately documenting the number of hours worked. First, Plaintiffs have not provided sufficient additional information for the Court to break down Plaintiffs'

---

[1] Plaintiffs initially sought hourly rates of $425.00 - $460.00 for Attorney Wilson, whose hourly rate increased over the course of this litigation. Now, however, Plaintiffs seek an hourly rate of $460.00 for all work performed by Attorney Wilson, regardless of the rate actually charged by Attorney Wilson at the time such work was performed.

- 3 -

block-billing entries into individual entries with separate time allotments for each task performed. While Exhibits 1 and 2 to the Motion to Amend provide some information concerning the amount of time spent drafting and editing Plaintiffs' pleadings and motions, this information applies only to the documents Plaintiffs prepared for filing with the Court. Plaintiffs also acknowledge that the time entries contained in Exhibits 1 and 2 do not accurately depict the amount of time actually spent drafting and editing the documents. Second, Plaintiffs have not provided sufficient additional information for the Court to attribute the time spent on a billed task to a particular claim. Plaintiffs acknowledge they did not prevail on all their claims against Defendants, but the Court is unable to discern the amount of time Plaintiffs' attorneys devoted to Plaintiffs' unsuccessful claims. Finally, the Court finds that the nearly 400 hours of attorney and paralegal time that Plaintiffs seek to recover are extraordinary in light of the fact that this case was decided on summary judgment after minimal discovery. See Dorr v. Weber, 741 F.Supp.2d 1022, 1034 (N.D. Iowa 2010) (finding over 500 hours of attorney and paralegal time "extraordinary in light of the six-hour case that was tried").

Additionally, Plaintiffs' supplemental evidence has not corrected the deficiencies in their original Motion for Attorneys' Fees with regards to supporting adequately the hourly rate charged by Plaintiffs' attorneys. Plaintiffs still have presented no evidence that the fees charged by Plaintiffs' attorneys are the ordinary rates for similar work in this community.

When the court cannot determine the appropriate fee from the record, it must exercise its discretion in reducing the fee award. See Hensley, 461 U.S. at 433, 437. "Incomplete or imprecise billing records preclude any meaningful review by the district court of the fee application for 'excessive, redundant, or otherwise unnecessary' hours and may make it impossible to attribute a particular attorney's specific time to a distinct issue or claim." H.G. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991). As this Court previously noted, other district courts have reduced fee

- 4 -

requests by a certain percentage where the prevailing party presents block-billing entries that prevent the court from evaluating the reasonableness of the time spent on individual tasks. See, e.g., Dorr, 741 F.Supp.2d at 1036-37 (reducing fee request by ten percent); Ideal Instruments, Inc. v. Rivard Instruments, Inc., 245 F.R.D. 381, 390 (N.D. Iowa 2007) (reducing fee request by twenty percent); Gay v. Saline County, No. 4:03CV00564, 2006 WL 3392443, at *3 (E.D. Ark. Oct. 20, 2006) (reducing fee request by ten percent); Macgregor v. Mallinckrodt, Inc., No. 01-828, 2003 WL 23335194, at *13 (D. Minn. July 21, 2003) (reducing fee request by fifteen percent); see also Lawson v. Deboer Transportation, Inc., No. 4:09CV250, 2009 WL 4801927 (E.D. Mo. Dec. 9, 2009). Additionally, "[t]he trial judge should weigh the hours claimed against his [or her] own knowledge, experience, and expertise of the time required to complete similar activities." Gilbert v. City of Little Rock, Ark., 867 F.2d 1063, 1066 (8th Cir. 1989).

The Court will therefore reduce the total number of hours spent on this case by twenty percent for Plaintiffs' failure to provide precise billing records. Since the Court finds Plaintiffs submitted an amount of total hours that is excessive and redundant, the Court also will reduce the total number of hours spent on this case by an additional twenty percent. Thus, the Court finds that the appropriate number of total hours spent on this case is as follows: 176.0 hours for Attorney Wilson, 49.7 hours for Attorney Wax, and 3 hours for Paralegal Hollenkamp.[2]

The Court will also reduce the hourly rates requested. As noted above, Plaintiffs request hourly rates of $460.00 for Attorney Wilson, $200.00 for Attorney Wax, and $160.40 for Paralegal Hollenkamp. "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" Moysis v. DTG

---

[2]The Court did not include the 17.6 hours of legal work performed by Attorney Wilson prior to July 19, 2010, as the Court finds it inappropriate to award attorneys' fees for work that Plaintiffs were not billed for.

Datanet, 278 F.3d 819, 828-29 (8th Cir. 2002).  The Court finds that the rates charged by Attorney Wax and Paralegal Hollenkamp are appropriate but that the rate charged by Attorney Wilson is excessive.  According to the Billing Rates 2012 Special Section to Missouri Lawyers Weekly, dated August 6, 2012, Attorney Wilson's hourly billing rate of $460.00 would place him third on the list of "Top St. Louis Rates" for 2012 and would make his hourly billing rate the highest at his firm.  The Court will reduce Attorney Wilson's hourly billing rate to $350.00.

Therefore, the Court will order a total fee award of $72,021.20.  This represents 176.0 hours for Attorney Wilson at an hourly rate of $350.00, 49.7 hours for Attorney Wax at an hourly rate of $200.00, and 3 hours for Paralegal Hollenkamp at an hourly rate of $160.40.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Alter or Amend Judgment (ECF No. 96) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Alter or Amend Judgment (ECF No. 96) is **GRANTED** to the extent that the Court will order Defendants to pay attorneys' fees in the amount of $72,021.20.  Plaintiffs' motion is **DENIED** in all other respects.

Dated this 7th day of January, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE